[Crim. No. 8096. Second Dist., Div. Three. Dec. 10, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. WALTER KENNEDY, Defendant and Appellant.

Ellery E. Cuff, Public Defender, under appointment by the District Court of Appeal, William V. Larsen and James L. McCormick, Deputy Public Defenders, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Louis L. Selby, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—Walter Kennedy was accused by information, in separate counts of four offenses of issuing checks without sufficient funds, namely, on October 28, 1960, a check for $25, on October 29, 1960, a check for $15, on October 29, 1960, a check for $25 and on October 30, 1960, a check for $20. In a jury trial in which he was represented by the public defender Kennedy was convicted and sentenced on all counts to state prison, the sentences to run concurrently. He appealed from the judgment in propria persona and filed what purported to be a brief. We inquired of the deputy public defender who represented defendant at the trial whether, in his opinion, there was ground for the appeal. Upon receipt of his reply we appointed the public defender as counsel on the appeal.

Upon the stand defendant admitted cashing the checks, claiming that one Payne, whom he met while both were on parole, had told him that he, Payne, had opened an account in their joint names with a deposit of $365; Payne then owed him $165; Payne had given him no signature card to sign, and he had signed none. All the checks were dishonored.

The question on the appeal is whether defendant was properly convicted of more than one offense. In each count of the information, except count I, it was alleged: "The total amount of the checks, drafts and orders that the defendant is charged in the several counts of this pleading with making and uttering exceeds the sum of Fifty Dollars ($50.00)." The reason for this allegation was that the prosecution was under section 476a, subdivision (b) of the Penal Code which reads, in pertinent part: "(b) However, if the total amount of all such checks, drafts, or orders that the defendant is charged with and convicted of making, drawing, or uttering does not exceed fifty dollars ($50), the offense is punishable only by imprisonment in the county jail for not more than one year, . . ."

Prior to the enactment of subdivision (b) in 1955, the issuance of a fictitious check in any amount was a felony under

section 476a of the code. By amendment of section 1425 of the code in 1957 jurisdiction of prosecutions under subdivision (b) was transferred to the justice courts.

 While it is clear that the issuance of one or more checks, the total of which does not exceed $50, is a misdemeanor, triable in the justice court, and that the issuance of one check for more than $50, or several checks which add up to more than $50, is a felony, there is nothing in the applicable code sections which specifically answers the question whether the issuance of multiple checks, each for $50 or less, but which total more than $50, can constitute as many felonies as there are checks. The question is one which can only be answered by ascertaining the presumed intention of the Legislature in the enactment of the amendments of sections 476a and 1425.

Of one thing we can be certain: it was considered that the punishment provided for frauds committed by means of checks not exceeding in the aggregate $50 was excessive. To meet this situation a new offense was created, namely, the offense of issuing multiple checks for a total not over $50, triable as a misdemeanor in the justice court. The major purpose was to make the punishment fit the crime; another purpose was to lighten the burden of prosecutors and the courts by providing for the combining of several small offenses into one, to be prosecuted in a single action.

When $50 was fixed as the amount that would distinguish misdemeanors from felonies, with respect to the issuance of small checks, it became a proper practice to combine them in a single prosecution, in which a material issue would be whether the total amount proved exceeded $50. If each check was for $50 or less, but in the aggregate they amounted to more than $50, it became necessary to combine them in a single prosecution, since a single offense could no longer be prosecuted as a felony.

We can conceive of no tenable theory under which each separate check issued by defendant could be the basis for a charge of felony. Counsel for the defendant pointed out that under the theory of multiple felonies an issuer of 50 checks for $1.00 each would be guilty of a single misdemeanor, whereas if he issued another $1.00 check he would be guilty of 51 felonies. This would, indeed, be a strange situation. In the present case the amounts of the various checks could be juggled into four combinations, each totaling more than $50, for example, checks 1, 2 and 3, checks 1, 2 and 4, etc., but

such rationalizing would lead to absurd and impossible results. The reasonable view would be that the offender would have committed a felony when he wrote the check that brought the total to more than $50 and that if he issued another and another, the earlier ones would not be added to the later ones to make multiple felonies.

We think an obvious answer to the argument of the People is that the multiple convictions and sentences of defendant would be frustrative of the main purpose of the Legislature in the enactment of subdivision (b), which was to lessen the penalty for the issuance of small fictitious checks and, therefore, that the trial court's interpretation of the law was in error.

A cardinal rule of statutory interpretation is that the meaning attributed to the law should accord with the ascertained purpose of the law makers. (Code Civ. Proc., § 1858.)

Our conclusion finds support in the rule that where reasonable doubt exists as to the meaning of a penal law, it should be given the interpretation most favorable to the accused. (*In re Tartar,* 52 Cal.2d 250 [339 P.2d 553].)

Counsel for defendant makes the point that the multiple sentence of the defendant would be violative of section 654 of the Penal Code. It is unnecessary to determine the soundness of this contention.

We are impressed that the correct procedure in a prosecution such as the present one is that followed in *People* v. *Long,* 152 Cal.App.2d 716 [313 P.2d 174]; instead of alleging the issuance of each check in a separate count all were alleged in a single count, resulting in a single conviction and punishment.

The judgment is reversed as to Counts I, II and III and is affirmed as to Count IV.

Ford, J., and Files, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 6, 1963.