[Crim. No. 6893. Second Dist., Div. Two. July 22, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JESUS SOLOMAN SERRANO, Defendant and Appellant.

David C. Marcus for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

FOX, P. J.—This is a motion on behalf of appellant Jesus Soloman Serrano in the nature of a petition for a writ of error *coram nobis* (Pen. Code, § 1265) to vacate the judgment convicting him of violating section 11500, Health and Safety Code. His conviction was affirmed in April 1960 by this court in 180 Cal.App.2d 243 [4 Cal.Rptr. 470].

The motion is on the theory that his conviction was based on the perjured testimony of his codefendant and cousin Juan and was therefore obtained in violation of his constitutional rights.

Appellant was represented on appeal by counsel who tried the case. On appeal he made two contentions: (1) entrapment; and (2) insufficient corroboration of the testimony of his asserted accomplice, his cousin Juan. The latter, however, did not appeal.

Appellant was sentenced to the penitentiary. He has been released therefrom and deported to Mexico.

In support of his motion appellant submits a 23-page affidavit of his cousin Juan who now says that he perjured himself; that Jesus was innocent; and that Jesus was unaware that a package he delivered to the undercover narcotics agent contained heroin. Juan explains that he testified falsely against Jesus because all their relatives thought Jesus was a very wonderful boy and spoke very highly of him while they did not speak well of him (Juan); that he realized his testimony would convict his cousin Jesus and thus place them on a level in the eyes of their family and friends. Jesus also submits an affidavit by his cousin Maria Hook that tends to corroborate Juan's affidavit as to his reason for testifying falsely against Jesus. Jesus also submitted his own affidavit in which he proclaims his innocence.

Initially it should be pointed out that to be entitled to the relief here sought the applicant must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at

any time substantially earlier than the time of his motion; otherwise he states no ground for relief. (*People* v. *Shorts,* 32 Cal.2d 502, 513 [197 P.2d 330]; *People* v. *Adamson,* 34 Cal.2d 320, 327 [210 P.2d 13].) Appellant obviously fails to meet the requirements of this principle for his case was tried in June 1959 at which time he knew Juan had testified falsely (if he did so testify) yet he did not file his motion to vacate the judgment until June 1963—a delay of four years.

In the second place it is the settled law of this state that a judgment cannot be set aside in a proceeding of this character on the ground it was based on perjured testimony. (*People* v. *Mooney,* 178 Cal. 525, 530 [174 P. 325]; *People* v. *Remling,* 146 Cal.App.2d 476, 479-480 [304 P.2d 97]; *People* v. *Sutton,* 115 Cal.App.2d 751 [252 P.2d 633].) The *Sutton* case is quite similar to the one at bench. There one of the defendants confessed to the crime and implicated the other defendant who was also convicted. Later the principal defendant, Thompson, repudiated his former testimony given at the trial and thus exonerated the other defendant. But, said the court (p. 753), this "furnishes no ground for relief" in a coram nobis proceeding. "The question as to the truth or falsity of Thompson's testimony was the very one that was determined in the trial. If it could now be proven to have been false it would avail petitioner nothing unless it had been used at the trial with knowledge on the part of the district attorney of its falsity."

Finally, it should be pointed out that as to one of the transactions the testimony is sufficient to sustain the conviction of Jesus without reference to Juan's asserted false testimony. As to it, Flores, the officer, testified that while in appellant's car he asked appellant if he had the stuff with him. Appellant replied in the affirmative and reached down and produced a rubber container from his right shoe. Flores "put his hand close to appellant's and appellant handed him the container." (P. 247 of 180 Cal.App.2d.) Later, "Flores and another inspector interrogated appellant, who first claimed he did not know what was inside the rubber container; that he simply received a telephone call from Juan asking him to go to 3871 East 5th Street and pick up a package and bring it over to the house. Upon further interrogation appellant admitted that he knew the package contained heroin and that he had obtained this contraband from another person two or three weeks previously. . . . The inspectors requested appellant to point out the house where he had picked up the

narcotics that morning. He took them to a vacant house located at 3871 East 5th Street, which they entered. Appellant showed them a drawer in a piece of furniture in the living room from which he had picked up the contraband." (*Id.*)

The motion is denied.

Ashburn, J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 18, 1963.