[Crim. No. 1647. Fourth Dist. Apr. 12, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. BONNIE McCANN, Defendant and Appellant.

Joseph E. O'Connor, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—The defendant appeals from a conviction involving six "bad checks." An information charging her and her husband with these offenses, i.e., violations of Penal Code section 476a, was in three counts; the first thereof involved one check in the sum of $90; the second thereof involved three checks totaling $64.41; and the third thereof involved two checks totaling $75. The husband pled guilty and the defendant pled not guilty. Trial by jury was waived. By stipulation, the People's case was submitted on the preliminary transcript. Following such, the defendant moved for a dismissal, which was denied. Thereupon, she put on her defense which, in substance, was based upon the claim that she acted in the premises under the command, coercion and threats of her husband. (See Pen. Code, § 26, subds. Seven and Eight.) The trial judge found the defendant guilty on all counts; suspended imposition of sentence; and placed her on 10 years' probation, with a 30 day jail sentence condition.

The defendant presents 14 questions on appeal which, when analyzed, are resolved into six issues, to wit:

(1) Sufficiency of the evidence to sustain the conviction;

(2) Alleged errors in the admission of evidence on cross-examination of the defendant and her husband;

(3) Alleged errors in rulings respecting her defenses;

(4) Whether more than one felony was committed;

(5) Whether the period of probation was excessively harsh; and

(6) Whether the rule announced in *People* v. *Dorado*, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361] requires a reversal.

### Sufficiency of Evidence

 The attack upon the sufficiency of the evidence to support the charges against the defendant asserts an alleged lack of proof that she had aided and abetted her husband. The prosecution contended the defendant was responsible as an aider and abettor, and also as a coconspirator. The court found the defendant guilty under both theories.

Prior to the offenses in question the husband had been convicted and placed on probation because of previous bad check charges. Among other terms of probation he was required to remain in Los Angeles County; to refrain from opening a bank account; and not to have any blank checks in his possession. The defendant knew of these terms of probation. She and her husband moved to San Diego without consent of the probation officer of Los Angeles County. Shortly thereafter she opened bank accounts in three banks, each for a small amount, i.e., $3.50, $5.00 and $5.00; used her maiden name in doing so; gave a different fictitious address at each bank; obtained blank checks from the banks in question; and gave them to her husband. She claims that she opened these accounts, obtained these checks, and gave them to him because he commanded her to do so, and threatened to kill her, himself, and her children if she refused. Contemporaneously the husband opened bank accounts in two other banks.

The charge in Count 1 involved a $90 check bearing the signature of ''Lawrence Hillman,'' a fictitious person, payable to the husband and endorsed by him. The blank check used for this purpose was one of those obtained by the defendant when she opened one of her accounts and bore the number assigned to that account.

The charge in Count 2 involved three checks. One was in the sum of $24.41; was signed by the defendant; was drawn on a bank in which the husband had opened an account; and the check used was a counter check furnished by the payee,

which was filled in by the husband before being signed by the defendant. Another check in this count was for the sum of $20; was signed by the husband; and was drawn upon a bank in which he had opened an account. The third check in this count was in the sum of $20; was signed by the husband; was drawn on a bank in which the defendant had opened an account; and was on a check obtained by the husband, bearing her account number.

The third count involved two checks. One was in the sum of $25; was signed by the husband; was drawn on a bank in which the defendant had opened an account; and was upon a check obtained by the defendant, bearing her account number. The other was in the sum of $50; was signed by the husband; and drawn on an account opened by him.

In addition to the evidence heretofore noted, establishing actual participation by the defendant in some of the offenses set forth in the information, it also appeared that she had accompanied her husband on all of the occasions when each of the foregoing checks was issued and passed, although on some of them she was not in the immediate presence of the payee.

Under the circumstances aforesaid, evidence that the defendant obtained and gave her husband blank checks which he used in the commission of the offenses involving those checks is sufficient to sustain the finding of the court that she aided and abetted him in committing those offenses (generally see *People* v. *Barker*, 53 Cal.2d 539, 542 [2 Cal.Rptr. 467, 349 P.2d 73]; *People* v. *Pedesclaux*, 216 Cal.App.2d 1, 5 [30 Cal. Rptr. 574]; *People* v. *Ellhamer*, 199 Cal.App.2d 777, 781 [18 Cal.Rptr. 905]; *People* v. *Koomer*, 188 Cal.App.2d 676, 678-680 [10 Cal.Rptr. 607]); and evidence that she signed the counter check described in Count 2 is sufficient proof of her participation in the offense involving that check. The finding of the trial court that the defendant was guilty of these offenses is supported by substantial evidence.

■ If it be assumed that, by analogy, the provisions of section 1118 of the Penal Code authorized the trial court to acquit the defendant upon her motion to dismiss after presentation of the People's case for insufficiency of the evidence, the denial of that motion was not error because at this juncture the evidence was not insufficient to warrant a conviction. (Generally see *People* v. *Faber*, 29 Cal.App.2d Supp. 751, 758-759 [77 P.2d 921].)

### *Error in Admission of Evidence*

■ Over objection, the defendant and her husband were

cross-examined by the district attorney with respect to passing other checks. A review of the transcript indicates that the cross-examination was proper, and the court did not err in permitting such. The basis for the objection made was that the cross-examination exceeded the scope of the direct examination. However, several issues were raised by the examination in chief, including the alleged coercion of the defendant by her husband, her knowledge of his operations, her resistance thereto, and her intent in the premises, all of which justified the cross-examination in question. (*People* v. *Aquilante,* 208 Cal.App.2d 530, 536 [25 Cal.Rptr. 344].) There was no violation of the rule against self-incrimination. As a further contention respecting this matter, the defendant claims that the examination in question was directed to issues other than those raised by the evidence in the preliminary transcript; that her waiver of a jury trial was conditioned upon a limitation of the trial to the issues thus raised; and that it was error not to confine the trial by the court to those issues. The record establishes that defendant's waiver of a jury trial was not so conditioned and, as heretofore noted, the cross-examination did not exceed the scope of the direct examination presented by her. No error appears.

### Alleged Errors re Defenses

The defendant also contends that the evidence establishes, as a matter of law, that she acted in the premises upon the command, under the coercion and in fear of her husband, and that, for this reason, her conduct was not criminal. This contention disregards, among other things, the fundamental rule on appeal in favor of the judgment requiring this court to assume the trial court rejected the testimony in support of this defense. The record supplies ample legal reason for refusing to believe such testimony. (*People* v. *Acosta,* 45 Cal. 2d 538, 542 [290 P.2d 1]; *Miller* v. *Johnson,* 214 Cal.App.2d 123, 125 [29 Cal.Rptr. 51].) In this regard the defendant further contends that there is a presumption that she was acting under the command or coercion of her husband within the meaning of section 26, subdivision Seven of the Penal Code. However, this section relates only to misdemeanors. The offenses of which the defendant was convicted were felonies.

Upon submission of the case, the trial judge expressed his views in the premises and, among other things, stated: ''And then you get into the defenses. The burden passes from the People to the defendant to establish the defendant's defense.''

Using this statement as a basis for her contention, the defendant claims that the trial court imposed upon her the burden of establishing her "defense of duress and coercion," and in making its decision disregarded the rule that evidence which raises a reasonable doubt of a defendant's guilt requires his acquittal even though it does not establish his innocence. (See *People* v. *Long,* 15 Cal.2d 590, 605 [103 P.2d 969].) The statement by the trial judge was not directed to the degree of proof required or to the defense of "duress and coercion"; his review of the evidence following the making of the subject statement was directed to testimony of the defendant in other particulars; his summation of the case, when considered in its entirety, does not support any contention that he required the defendant to prove that she was innocent; and it is evident from a consideration thereof that he did not entertain a reasonable doubt respecting his conclusion that: "It is the view of the Court in view of all of the evidence and the inferences to be drawn from that evidence that she (the defendant) aided and abetted her husband in violating Section 476a of the Code."

### Alleged Errors in Finding Defendant Guilty of Three Felonies

The defendant contends that in any event she committed only one felony. In *People* v. *Kennedy,* 210 Cal.App. 2d 599, 601-602 [26 Cal.Rptr. 696], the court held, in substance, that under Penal Code section 476a the issuance of several worthless checks, each for an amount of less than $50, constitutes a felony only when the total checks issued exceed $50, and that the issuance of such checks in a total amount exceeding $50, no matter what the total might be, did not constitute the commission of more than one felony. Applying this rule to the instant case,[1] it appears that the defendant properly was charged with a felony in Count 1—issuing a bad check in excess of $50—and committed only one felony for issuance of all of the other checks with which she was charged, as none of them exceeded $50. The judgment should be amended accordingly.

In view of this conclusion, whether the evidence is sufficient to support the finding that the defendant was guilty of the two check charges involving checks drawn upon her hus-

[1]At the time of the subject offenses, i.e., May 1963, section 476a of the Penal Code contained the $50 total provision. In September 1963 this amount was changed to $100.

band's account is not of material consequence. One felonious offense involving the issuance of several checks, each not exceeding $50, as heretofore noted, is supported by substantial evidence establishing that the defendant aided and abetted her husband in the making and utterance of three worthless checks. For this reason we need not consider the contentions pertinent only to the remaining two checks.

### Excessively Harsh Probationary Terms

Defendant contends that the probationary terms are harsh because they extend over 10 years. The probation officer's report showed that the defendant and her husband were involved in passing bad checks approximating $700. The defendant, as a condition of probation, is required to make reimbursement. Her ability to reimburse is a factor attendant upon the length of probation. Furthermore, as probation is a favor, the length of the probationary period may not be questioned provided it is within the time prescribed by law. The court did not abuse its discretion in the premises.

### Effect of Dorado Rule

This case was tried before the decision in *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361] had announced an exclusionary rule respecting incriminatory statements made by an accused under specified circumstances. On appeal the defendant contends the admission of the incriminatory statements made by her constituted prejudicial error.

At the preliminary examination, a police officer testified that in response to his interrogation the defendant stated, in substance, that, acting under the command, coercion and threats of her husband, she had opened accounts in four banks under her maiden name, one of which was not involved in the subject offenses; had obtained blank checks, the numbers on which identified these accounts; had given these checks to her husband at his request; was with her husband when all of the checks involved in these offenses were written by him; and signed the counter check described in Count 2 of the information. This testimony, together with all other testimony taken at the preliminary examination, was submitted to the trial court as the People's case in chief by stipulation of both the prosecution and the defendant. As noted, the defendant's defense to the subject offenses was that she acted involuntarily; in response to the command, coercion and threats of her husband; and without criminal intent. She and her husband both testified in support of this defense and in the course

thereof stated, in substance, that the defendant opened the subject bank accounts; obtained the checks used by her husband in the commission of three of the offenses charged against her; delivered these checks to her husband; knew that he intended to use them for such purpose; and signed the counter check in the presence of the payee named therein. In her statement to the police officer, as well as in her testimony, the defendant claimed that she opened the bank accounts, obtained the checks, gave them to her husband, and signed the counter check because he threatened to kill her, to kill himself and to kill her children; that she acted involuntarily and without criminal intent. There was no issue respecting the defendant's conduct in the premises. The only question for determination by the trial court was whether by this conduct she intended to aid and abet her husband, and whether she acted voluntarily or in response to his command, coercion and threats. Under these circumstances, admission of the incriminating statements to the officer was of no consequence to the determination made by the trial court. Those statements did not constitute a confession of guilt because the defendant professed her innocence; asserted a lack of criminal intent; and denied that she acted voluntarily. As to the issue of criminal intent, her statements to the officer, instead of being incriminatory, were exculpatory.

Although the status of the case at the time the defendant made her motion to dismiss did not include the testimony by the defendant and her husband reiterating the incriminatory statements made by her to the officer, there then was ample evidence, exclusive of these statements, showing that she had opened the subject bank accounts, obtained blank checks that thereafter were used by her husband, furnished an exemplar of her signature to one of the banks, and personally signed the counter check in the presence of the payee therein named, thus establishing her participation in the offenses with which she was charged. In the event she had chosen not to put on her case, this evidence would have been uncontradicted; its credibility was not dependent upon the corroborative effect of the statements made to the officers; and we see no reason why the trial court would not have found her guilty.

Under the circumstances aforesaid, if the admission of the incriminatory statements in question had any effect upon the case it was "relatively insignificant," and was not prejudicial within the scope of the decision in *People* v. *Dorado*, 62 Cal. 2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], or the reason for

the exclusionary rule announced therein. (See *People* v. *Parham,* 60 Cal.2d 378, 384-386 [33 Cal.Rptr. 497, 384 P.2d 1001]; cf. *People* v. *Burke,* 61 Cal.2d 575, 580 [39 Cal.Rptr. 531, 394 P.2d 67].) After an examination of the entire record, including the evidence, we have concluded it is not probable that a result more favorable to the defendant would have been reached if her statement to the officer had been excluded. No miscarriage of justice occurred. (*People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].)

The judgment is modified to show that the defendant was convicted of two instead of three felonious offenses, i.e., of the offense alleged in Count 1 of the information, and of the single felonious offense included within the allegations set forth in Counts 2 and 3 of the information respecting the checks dated May 17, 1963, in the sum of $20, May 7, 1963, in the sum of $24.41, and May 18, 1963, in the sum of $25; and, as so modified, the judgment is affirmed.

Brown (Gerald), P. J., and McCabe, J. pro tem.,* concurred.

*Assigned by the Chairman of the Judicial Council.