[Crim. No. 9536.   In Bank.   Mar. 8, 1966.]

In re CLYDE LEROY DICK on Habeas Corpus.

Clyde Leroy Dick, in pro. per., and Robert N. Beechinor, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Edward P. O'Brien and Robert R. Granucci, Deputy Attorneys General, for Respondent.

PEEK, J.—Petitioner, by this application for the writ of habeas corpus, seeks relief from his confinement in San Quentin Prison under a judgment of conviction on seven counts of issuing checks without sufficient funds (Pen. Code, § 476a), with two prior felony convictions. The judgment was affirmed on appeal and is now final. (*People* v. *Dick*, 200 Cal.App.2d 424 [19 Cal.Rptr. 317].)

The only issue of substance in this collateral attack on the judgment concerns the propriety of the multiple convictions, as felonies, arising out of petitioner's issuance of a series of checks with insufficient funds. Prior to 1955 the issuance of any one check or each subsequent check, regardless of the amounts, constituted violations of section 476a and each violation was a felony. In that year the section was amended by the addition of subdivision (b) to the former language, which was modified in minor respects and designated subdivision (a). (Stats. 1955, ch. 1862, § 1.) The language of subdivision (b), which qualified subdivision (a), has itself been modified in minor respects (Stats. 1957, First Ex. Sess., 1956, ch. 30, § 1; Stats. 1957, ch. 222, § 1), and at the time of the commission of the offenses herein, provided in pertinent part: "(b) However, if the total amount of all such checks, drafts, or orders that the defendant is charged with and convicted of making, drawing, or uttering does not exceed fifty dollars ($50), the offense is punishable only by imprisonment in the county jail for not more than one year. . . ." Further provisions of subdivision (b) exclude its relief in instances where an accused has prior, similar convictions. The prior convictions

charged and found in the instant case, however, were for unrelated crimes.

The courts have had difficulty in applying subdivision (b). For instance, in *People* v. *Kennedy*, 210 Cal.App.2d 599, it is said at page 601 [26 Cal.Rptr. 696] : "While it is clear that the issuance of one or more checks, the total of which does not exceed $50, is a misdemeanor, triable in the justice court, and that the issuance of one check for more than $50, or several checks which add up to more than $50, is a felony, there is nothing in the applicable code sections which specifically answers the question whether the issuance of multiple checks, each for $50 or less, but which total more than $50, can constitute as many felonies as there are checks." The court then looked to the intent of the Legislature in the enactment of the amendments to section 476a and concluded that because the punishment might have been excessive in particular applications of the original section, the amendments were intended to create a new offense of issuing multiple checks totaling $50 or less, triable as a misdemeanor, and that a single felony was contemplated by the Legislature when the accused "wrote the check which brought the total to more than $50." (P. 602.) In the *Kennedy* case the issuance of four fraudulent checks, each for less than $50, were charged in four separate counts and it was the third check which brought the total to over $50. The court did not affirm as to that count, however, but rather as to the fourth count, which brought the total to $85. The judgment was reversed as to the third as well as the first and second counts.

In the later case of *People* v. *McCann*, 233 Cal.App.2d 561 [43 Cal.Rptr. 789], a defendant was charged and convicted in three counts with violations of section 476a; in the first count with issuing one check, with insufficient funds, for $90; in the second with issuing three such checks totaling $64.41; and in the third with issuing two such checks totaling $75. None but the Count I check exceeded $50. Evidently encouraged by the precise holding in the *Kennedy* case the *McCann* court stated at page 566 that in *Kennedy* the court held that the issuance of checks in individual amounts not over $50 constituted a felony only when the total exceeded $50, "and that the issuance of such checks in a total amount exceeding $50, no matter what the total might be, did not constitute the commission of more than one felony." In accordance with this view of the *Kennedy* holding, the *McCann* court modified the judgment before it to show that the defendant was convicted of a first felony offense of issuing the single check in

excess of $50, as charged in the first count, and one additional felony offense of issuing checks the total of which was in excess of $50. As modified the judgment was affirmed.

█ In the instant case, the checks which the jury found defendant issued in violation of section 476a are as follows: $10 on August 26, 1960 (Count I); $20 on August 27, 1960 (Count II); $10 on August 27, 1960 (Count III); $20 on August 30, 1960 (Count IV); $7.05 on August 31, 1960 (Count X); $5.35 on October 22, 1960 (Count XIII); $23.55 on December 22, 1960 (Count IX). Petitioner was acquitted of other charges of violations of section 476a contained in Counts V, VI, VII, VIII, XI and XII.

It appears without dispute, and the People in fact concede, that petitioner was improperly convicted of seven felonies, and is entitled to some relief. We agree with the People's interpretation of the statute that when petitioner issued the check charged in Count IV, making the total of checks issued to that time $60, the violation constituted a felony. Hence petitioner was properly convicted under Count IV, and improperly convicted under Counts I, II and III.

The difficult question concerns Counts IV, X and XIII. In *McCann* it was held that once an accused has committed a first felony by the issuance of checks each in an amount not over $50 but whose total exceeds $50, he can continue to issue similar checks with immunity insofar as additional offenses are concerned. The People contend that if, after the initial felony is committed, the accused continues to write checks not over $50 in amount, a second felony is committed when he issues the check which causes the total in this second series to exceed $50. In other words the state would group consecutive checks until the aggregate of the face amounts thereof exceeded $50, and after reaching that sum it would commence with a new series which it would treat in an identical manner. As the total of the checks charged in Counts IX, X and XIII in the instant case did not exceed $50, the People concede that the judgment should be further modified by setting aside the convictions on those counts. By implication, at least, they suggest that the issuance of checks in Counts IX, X and XIII should not be punished.

█ It is apparent that subdivision (b) has qualified section 476a, subdivision (a), to the extent of providing but a single misdemeanor for the issuance of any number of checks with insufficient funds the total of which does not exceed $50. For practical purposes there is no need to limit the *number*

of checks as there is already a limit as to the aggregate *amount* of the checks which may be issued without incurring increased criminal responsibility. In the case of the felony, however, because there is no ceiling on the amount which may constitute but a single crime we cannot rely on such practical limitations, and the considerations which justify but a single misdemeanor constituted by numerous criminal acts do not apply in the cases of felonies if, within the statute, more than one criminal act is committed.

The foregoing conclusion is fortified by the qualifying language of subdivision (b). It purports to qualify subdivision (a) only in the case where the total amount of the checks "that the defendant is charged with and convicted of making . . . does not exceed $50." Where the total exceeds $50 subdivision (b) does not purport to affect the established law and, as stated, the writing of each and any check with insufficient funds prior to the amendment constituted a felony. Bearing in mind, however, that the amendment is ameliorating in nature and that any doubt as to its effect should be resolved in favor of one charged with wrongdoing (*In re Tartar*, 52 Cal.2d 250 [339 P.2d 553]; Code Civ. Proc., § 1858), some relief from the previously established law in the case of the felon also is indicated. A strict application of the statutory provisions would require, as suggested in *Kennedy*, for instance, the imposition of 51 felony convictions with the issuance of the 51st one-dollar check with insufficient funds, when the issuance of the first 50 such checks constituted but a single misdemeanor. While we cannot attribute such a harsh result to legislative intent, nevertheless the implied relief to the felon should not be comparatively greater than the express relief to the misdemeanant. When the latter issues checks in a series exceeding the limitation provided, greater criminal sanctions are imposed. Likewise, when the felon continues to issue fraudulent checks he cannot do so with complete immunity. Accordingly, after having committed a felony either by the issuance of a single check or a series of checks the total of which exceeds $50, his issuance of further fraudulent checks or series of checks must be deemed to expose him for a second time to the same penalties as in the case of an original wrongdoer.

Not only is the foregoing consistent with procedures for charging wrongdoers with multiple counts of the same crime in the case of other offenses, it would also appear to be the only rationalization which gives consistency and realism to

section 476a. Were we to follow the procedure announced in the *McCann* case, for instance, the felon would be guilty on successive felony counts for issuing each fraudulent $51 check, but could issue as many $50 checks as he chose without additional penalty. Accordingly, we hereby disapprove both *People* v. *Kennedy, supra,* 210 Cal.App.2d 599 and *People* v. *McCann, supra,* 233 Cal.App.2d 561, to the extent that they are inconsistent with the views stated herein.

Petitioner further contends that reversible error was committed by the admission in evidence of certain tape recordings of statements extracted from him in violation of his constitutional rights, as proscribed in *Escobedo* v. *Illinois,* 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977]. This contention is clearly without merit as *Escobedo* will not prevail on collateral attack to overturn a judgment long final prior to that decision. (*In re Lopez,* 62 Cal.2d 368 [42 Cal.Rptr. 188, 398 P.2d 380].)

The writ is granted and the Superior Court of Santa Clara County is directed to modify its judgment herein by vacating the convictions as to Counts I, II and III, and, in addition to the felony conviction on Count IV, to show that petitioner, in lieu of felony convictions on Counts IX, X and XIII, was convicted of a single misdemeanor in violation of section 476a for issuance of the checks specified in those counts.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Burke, J., and Schauer, J.,* concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.