[Crim. No. 10018.   In Bank.   July 14, 1966.]

In re JAMES HUGH WATKINS on Habeas Corpus.

Clyde C. Downing and George R. Maury for Petitioner.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Michael J. Smolen, Deputy Attorney General, for Respondent.

McCOMB, J.—Petitioner seeks a writ of habeas corpus or *coram nobis*.

*Facts*: On March 14, 1958, a complaint was filed in the Municipal Court for the San Leandro-Hayward Judicial District charging petitioner, in three counts, with felony violations of section 476a of the Penal Code (issuing checks with insufficient funds). The checks in the second and third counts were in the amounts of $17.71 and $41.20, respectively.

On May 28, 1958, petitioner pleaded guilty to violations of section 476a of the Penal Code as charged in the second and third counts of the complaint. The first count was dismissed on motion of the district attorney.

Petitioner was certified to the Superior Court of Alameda County for sentencing, the magistrate's certificate stating that a copy of the complaint had been delivered to petitioner and the complaint read to him and that on May 28, 1958, petitioner "pleaded guilty to felony, to-wit: a violation of Section 476a of the Penal Code as charged in the 2nd and 3rd counts of the complaint on file herein. . . ."

On June 9, 1958, judgment was rendered against petitioner in the superior court for two felony violations of section 476a of the Penal Code. He was sentenced to the state prison for the term prescribed by law for each violation, the sentences to run concurrently with each other and with another sentence which petitioner was then serving (conspiracy to commit an abortion).

Questions: First. *Was petitioner properly convicted of two felony violations of section 476a of the Penal Code?*

*No.* Petitioner was convicted of issuing two checks, each for an amount less than $50, but the two adding up to an amount in excess of $50. He alleges that under the circumstances he was guilty only of two misdemeanors and that, as a result, the sentences for two felonies constituted double jeopardy and cruel and unusual punishment.

Section 476a of the Penal Code at the time here in question provided that the wilful issuance, with intent to defraud, of checks without sufficient funds was "punishable by imprisonment in the county jail for not more than one year, or in the state prison for not more than 14 years" (subd. (a)), but that "if the total amount of all such checks . . . that the defendant is charged with and convicted of making . . . does not exceed fifty dollars ($50), the offense is punishable only by imprisonment in the county jail for not more than one year" (subd. (b)).[1] (Stats. 1957, ch. 222, pp. 882, 883.)

The facts of this case come squarely within the rule announced in *In re Dick, ante,* p. 272 [49 Cal.Rptr. 673, 411 P.2d 561]. In that case, the defendant had been convicted of seven felonies for issuing seven bad checks totaling approximately $96. Each check was for an amount less than $50, and each was charged in a separate count. It was held that the

---

[1] The provisions of subdivision (b) did not apply if the defendant had a prior similar conviction. Petitioner had a prior conviction, but it was for an unrelated crime.

By a 1963 amendment, the amount specified in subdivision (b) was increased to $100. The amendment, however, has no effect on the instant case, the judgment herein having become final long prior to the effective date of the amendment. (See *In re Kirk,* 63 Cal.2d 761, 763 [48 Cal.Rptr. 186, 408 P.2d 962].)

issuance of the fourth check, which brought the total amount above $50, was a felony, and that the first three offenses were merged into the fourth. The charges involving the first three checks were therefore ordered dismissed, and the conviction of the felony for the issuance of the fourth check was affirmed.

Accordingly, when petitioner issued the check charged in the third count, making the total of checks issued $58.91, the violation constituted a felony. Hence, he was properly convicted of a felony under the third count and is not guilty of only two misdemeanors as he contends.

Under our holding in *In re Dick, supra,* however, petitioner was improperly convicted under the second count. ▮ The judgment with respect to that count must therefore be reversed; but since petitioner's conviction under the third count was proper, and he is still serving a lawful sentence therefor, the reversal of the judgment with respect to the second count does not entitle him to a release from prison.

Petitioner attacks the validity of *In re Dick, supra,* "particularly where it disapproves *People* v. *Kennedy* (210 Cal. App.2d 599 [26 Cal.Rptr. 683]) and *People* v. *McCann* (233 Cal.App.2d 561 [43 Cal.Rptr. 789])." The *Kennedy* and *McCann* cases, however, were disapproved only with respect to the manner in which they dealt with the disposition of counts involving checks written *after* the $50 limitation had been exceeded. In the present case, this problem does not arise.

Under the holdings in the *Kennedy* and *McCann* cases, as well as *In re Dick,* issuing the check which makes the total exceed $50 is a felony. In none of the cases did the court even consider the possibility that a defendant is guilty of merely one or more misdemeanors where the total of the checks exceeds $50.

▮ Second. *Did the superior court have jurisdiction?*

*Yes.* Petitioner contends that the superior court did not have jurisdiction, since each check was below $50. As indicated above, however, the statute clearly makes it a felony to issue a series of checks without sufficient funds if the total amount of such checks exceeds $50. Accordingly, the superior court had jurisdiction. (Cal. Const., art. VI, § 5; see 28 Ops. Cal.Atty.Gen. 105, 106; 26 Ops.Cal.Atty.Gen. 249.)

Third. *Is section 476a of the Penal Code unconstitutional?*

*No.* Petitioner attacks the constitutionality of that portion of section 476a of the Penal Code which provides for "imprisonment in the county jail for not more than one year, or in the state prison for not more than 14 years." He claims that the

statute is too vague to be the basis of constitutional protection.

█ It is clear from the terms of the statute that a person who issues checks with insufficient funds in individual amounts of less than $50 but in a total amount exceeding $50 is subject to imprisonment either in the county jail for up to one year or in the state prison for up to 14 years.

The fact that the trial judge has discretion to sentence such an offender either to the county jail or to state prison does not render the statute unconstitutional.

This exact question was raised in *In re Rosencrantz*, 211 Cal. 749 [297 P. 15]. It was there held that the fact that section 476a gives discretion to the trial judge to sentence the convicted offender either to the county jail or to state prison does not constitute a denial of equal protection, this court saying, at page 751, ''Since every person charged with the offense has the same chance for leniency as well as the same possibility of receiving the maximum sentence, there is nothing discriminatory in the statute.''

█ Fourth. *Is petitioner entitled to a writ of error coram nobis?*

*No.* Petitioner claims that his plea of guilty was fraudulently induced because the public defender advised him that he was pleading guilty only to two misdemeanors. However, petitioner has not previously raised this contention in any court, and it is settled that an application for *coram nobis* relief must first be determined in the trial court. (*People* v. *Westbrook,* 62 Cal.2d 197, 202-203 [1, 2] [41 Cal.Rptr. 809, 397 P.2d 545]; *In re Lindley,* 29 Cal.2d 709, 726 [13] [177 P.2d 918]; *In re De La Roi,* 28 Cal.2d 264, 275 [5] [169 P.2d 363].) Hence, the petition for a writ of error *coram nobis* is not properly before us.

█ In any event, however, petitioner has failed to show that he is entitled to *coram nobis* relief. One of the requirements, as set forth in *People* v. *Shipman,* 62 Cal.2d 226, 230 [1b] [42 Cal.Rptr. 1, 397 P.2d 993], is that the petitioner show that the facts upon which he relies were not known to him, and could not in the exercise of due dilgence have been discovered by him, substantially earlier than the time of his motion for the writ.

In the present case, even if petitioner may have thought at the time he entered his plea that he was charged only with two misdemeanors, he learned at the time of his sentencing, on

June 9, 1958, that he had pleaded guilty to felony violations of section 476a of the Penal Code.[2]

The record also shows that the fact that petitioner had been given felony sentences was brought to his attention on several occasions during a period of five years following his sentencing.[3]

In *People* v. *Tapia*, 231 Cal.App.2d 320, 322 [1] [41 Cal. Rptr. 764], the court held that the appellant stated no grounds for *coram nobis* relief, since he "was guilty of laches in connection with the filing of his petition in that he waited a period of three years before filing the same, which presented no matters to the court which were not known to him and

---

[2]When petitioner was sentenced, the following took place: "THE CLERK: James Watkins, a complaint was filed in the Municipal Court for the San Leandro-Hayward Judicial District, County of Alameda, State of California, on the 14th day of March, 1958, charging you with the crime of felony, to wit, violation of § 476a of the Penal Code of the State of California, as charged in the second and third counts of the complaint. In the presence of your Counsel, the District Attorney and the Magistrate of said Court you entered a plea of guilty to the crime of felony, to wit, violation of § 476a of the Penal Code of the State of California, as charged in the second and third counts of the complaint. The cause was thereupon certified to this Court for sentence. You having waived a reference to the Probation Officer, and you having waived the statutory time for sentence, this is the day regularly set for the passing of sentence. At this time have you any legal cause to show why the judgment of this Court should not be pronounced against you?

"MR. NUNES [Attorney for petitioner]: We have none, Your Honor.

"THE COURT: The defendant having been convicted by his plea of guilty to the offense of violation of § 476a of the Penal Code, as charged in the second count of the complaint, and the defendant having been convicted by his plea of guilty to the offense of violation of § 476a of the Penal Code, as charged in the third count of the complaint.

"IT IS HEREBY ORDERED that in punishment for said offenses the defendant be imprisoned in the state prison of the State of California for the terms prescribed by law.

"IT IS FURTHERED ORDERED that each of these sentences imposed in this action shall run concurrently with the other and that each of said sentences shall run concurrently with any other sentence or sentences which the defendant is presently obligated to serve in the State of California."

[3]Petitioner served time in prison from April 8, 1958, to June 25, 1962, when he was paroled. On February 21, 1964, his parole was revoked, and he has served prison time from that date to the present.

In his petition he alleges: "On October 4, 1961, the adult authority of the State of California by its Order fixed his time at five years for the San Francisco County Judgment No. 54040, and at eight years concurrent on each of the two counts on the Alameda County Judgment No. 29373, and granted him four years parole. Thereafter, and pursuant to said Order, Petitioner was released on parole on June 25, 1962, and on April 18, 1963, the Petitioner was discharged from the San Francisco County Judgment No. 54040 and remained on parole only on the Alameda County Judgment 29373, which, as aforesaid, was the concurrent sentencing upon each of said two supposed misdemeanors by the Petitioner."

which could not in the exercise of due diligence have been discovered by him substantially earlier than the time of his motion for the writ.'' (*People* v. *Waldo*, 224 Cal.App.2d 542, 546 [3b] [36 Cal.Rptr. 868] (18 months' delay); *People* v. *Serrano*, 218 Cal.App.2d 472, 474 [32 Cal.Rptr. 811] (4 years); *People* v. *Cantrell*, 197 Cal.App.2d 40, 45 [5] [16 Cal. Rptr. 905] (7 years); *People* v. *Tannehill*, 193 Cal.App.2d 701, 707 [14 Cal.Rptr. 615] (6 years).)

Since petitioner has waited nearly eight years before seeking relief on this ground and has offered no explanation for the delay, his petition for a writ of error *coram nobis* would have to be dismissed even if it had been brought in the proper court.

■ It should also be noted that in order to fulfill the requirements for *coram nobis* relief, petitioner would have to allege that he was prejudiced as a result of improper action by state officials.

In *In re Nunez*, 62 Cal.2d 234, 236 [2] [42 Cal.Rptr. 6, 397 P.2d 998], it is stated: ''In the absence of an allegation of state involvement, petitioner's allegation that counsel improperly induced him to enter a guilty plea does not state a ground for *coram nobis* relief.''

Petitioner merely alleges that he was ill-advised by the public defender. It is settled that action on the advice of the public defender is equivalent to action based upon the advice of private counsel. (*In re Atchley*, 48 Cal.2d 408, 418 [3] [310 P.2d 15].)

Petitioner has not alleged that the prosecutor or any other state official was a participant. Consequently, he has not made an allegation of state action, and his petition does not state grounds for *coram nobis* relief. (*People* v. *Quigley*, 222 Cal. App.2d 694, 699 [7] [35 Cal.Rptr. 393].)

The writ is granted and petitioner is remanded to the Superior Court of the County of Alameda and that court is directed (1) to vacate petitioner's conviction on count two and (2) to redetermine petitioner's sentence on count three. In all other respects the petition is denied.

Traynor, C. J., Peters, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.