459 P.2d 462

STATE of New Mexico, Plaintiff-Appellant,

v.

John William FERRIS, Defendant-Appellee.

No. 348.

Court of Appeals of New Mexico.

Sept. 19, 1969.

James A. Maloney, Atty. Gen., Santa Fe, Ray Shollenbarger, Asst. Atty. Gen., for appellant.

Fred Tharp, Jr., Clovis, for appellee.

## OPINION

WOOD, Judge.

Defendant was charged with issuing four worthless checks. The trial court dismissed the information, holding that certain language in § 40–49–5(B), N.M.S.A. 1953 (Repl.Vol. 6, Supp.1967) violated constitutional requirements of due process because of vagueness. The State appeals. There are three questions: (1) Is certain language in § 40–49–5(B), supra, void for vagueness? (2) Even if certain of the statutory language is void, should the information have been dismissed? (3) Will reinstatement of the information subject defendant to double jeopardy?

Generally speaking, § 40–49–4, N.M.S.A. 1953 (Repl.Vol. 6) makes it unlawful to issue worthless checks. For the purposes of this appeal, defendant has stipulated that he issued four checks in violation of § 40–49–4, supra. Section 40–49–5, N.M.S.A. 1953 (Repl.Vol. 6, Supp.1967) reads:

"Any person violating section 40–49–4 New Mexico Statutes Annotated, 1953

Compilation shall be punished as follows:

"A. When the amount of the check, draft or order, or the total amount of the checks, drafts or orders, are for more than one dollar ($1.00) but less than twenty-five dollars ($25.00), imprisonment in the county jail for a term of not more than thirty [30] days or a fine of not more than one hundred dollars ($100), or both such imprisonment and fine.

"B. When the amount of the check, draft or order, or the total amount of the checks, drafts or orders, are for twenty-five dollars ($25.00) or more, imprisonment in the penitentiary for a term of not less than one [1] year nor more than three [3] years or the payment of a fine of not more than one thousand dollars ($1,000) or both such imprisonment and fine."

■ The entire statute is set forth because in determining the question of unconstitutional vagueness the statute as a whole must be considered. See State v. Minns, 80 N.M. 269, 454 P.2d 355 (Ct.App.1969), cert. denied 80 N.M. 234, 453 P.2d 597 (1969).

*Void for vagueness.*

The checks are: September 6–$15.00; September 9–$10.00; September 13–$5.00; and September 15–$10.00. Since no check is for $25.00 or more, the penalty of § 40–49–5(B), supra, is not applicable unless two or more of the checks are added together to reach that total. It is this "totaling" that the trial court ruled was unconstitutionally vague.

■ The "vagueness" rule requires that the statutory language convey a sufficiently definite warning of the proscribed conduct. If the language is so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, then the statute violates due process. State v. Minns, supra. Numerous cases apply this rule in connection with definitions of a criminal of-

fense. See State v. Minns, supra. Neither party cites a decision applying the rule to criminal penalties. However, our opinion is that a penalty provision, being a part of a criminal statute, is subject to the rule. See State v. Buford, 65 N.M. 51, 331 P.2d 1110, 82 A.L.R.2d 787 (1958). Specifically, a statute declaring criminal penalties may be so vague that it offends due process. See United States v. Evans, 333 U.S. 483, 68 S.Ct. 634, 92 L.Ed. 823 (1948).

■ Our concern is with the words, "total amount of the checks", as they appear in § 40–49–5(A) and (B), supra. In determining whether they are void for vagueness we do not consider factual difficulties such as what checks may be added together to arrive at the "total amount". Compare Advance Loan Company v. Kovach, 79 N.M. 509, 445 P.2d 386 (1968); Flank Oil Co. v. Tennessee Gas Transmission Company, 141 Colo. 554, 349 P.2d 1005 (1960). Our concern is whether " * * * uncertainty is inherent in the enactment itself, resulting from inconsistencies or ambiguities or indefiniteness in the language used, * * *." Beatty v. City of Santa Fe, 57 N.M. 759, 263 P.2d 697 (1953); see Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939).

In contending § 40–49–5, supra, is not void for vagueness, the State relies on In re Dick, 64 Cal.2d 272, 49 Cal.Rptr. 673, 411 P.2d 561 (1966). See also, In re Watkins, 64 Cal.2d 866, 51 Cal.Rptr. 917, 415 P.2d 805 (1966). These cases interpret a California statute providing a reduced penalty if the total of the checks does not exceed a certain amount. They are not applicable; neither of these cases discuss the question of vagueness.

Under § 40–49–5(A), supra, a worthless check for more than $1.00 but less than $25.00 subjects the offender to a county jail term. So does the total amount of checks between those amounts. If the issuance of one check within this range is punishable, is the offender to be punished

for each check issued within this range? Or, under the statutory language, may an offender issue any number of worthless checks and receive only one punishment so long as the amount is less than $25.00?

Under § 40–49–5(B), supra, a worthless check for $25.00 or more subjects the offender to a penitentiary term. Suppose the offender issues four worthless checks, each for $25.00. Under the statutory language is he to receive one or four punishments? What if he issues one worthless check for $25.00, one for $10.00 and one for $5.00? Under § 40–49–5, supra, is he subject to one penitentiary term, or a penitentiary term plus one or two county jail terms? If he issues an additional worthless check for $11.00, is he then subject to two penitentiary terms? Compare In re Dick, supra.

■ Just how are the penalty provisions to be applied in a "totaling" situation? The statute is uncertain. This uncertainty is compounded when § 40–49–4, supra, is considered because that section makes each worthless check a separate offense. Does the statute provide for only one punishment for multiple offenses? Compare Scott v. District of Columbia, 122 A.2d 579 (Mun.Ct.App.D.C.1956). Men of common intelligence must necessarily guess at the meaning of the statutory language. We agree with the trial court. The provisions of § 40–49–5, supra, concerning the "totaling" of checks, are so vague that they offend due process and are void. See N.M. Att'y Gen. Opinion 66–80 (June 22, 1966).

*Should the information have been dismissed?*

■ The information charged defendant with issuing worthless checks contrary to §§ 40–49–4 and 40–49–5(B), supra. Section 40–49–5(B), supra, declares a penalty which may be imposed for violating § 40–49–4, supra. The information charged an offense without reference to the penalty. Sections 41–6–6 and 41–6–7, N.M.S.A.1953 (Repl.Vol. 6). Compare Roessler v. State, 79 N.M. 787, 450 P.2d 196 (Ct.App.1969).

Since the information was sufficient without reference to the penalty, the reference to § 40–49–5(B), supra, in the information was surplusage. Section 41–6–36, N.M.S.A. 1953 (Repl.Vol. 6).

The information was dismissed after the trial court ruled that the "totaling" provision of § 40–49–5(B), supra, was void. Such action confuses a conviction with a sentence based on that conviction. A sentence is not an element of the conviction; rather, the sentence is a consequence of the conviction. State v. Larranaga, 77 N.M. 528, 424 P.2d 804 (1967); State v. Silva, 78 N.M. 286, 430 P.2d 783 (Ct.App.1967).

■ Here, the information being sufficient, defendant could be convicted of issuing the four worthless checks, even though the "totaling" provision is void. Such a conviction would not be a useless act. Even if all of § 40–49–5, supra, should be unconstitutional, a penalty exists under § 40A–29–11, N.M.S.A.1953 (Repl.Vol. 6). Compare State v. Thompson, 57 N.M. 459, 260 P.2d 370 (1953).

■ However, all of § 40–49–5, supra, is not unconstitutional. We hold only the "totaling" provisions void. These provisions are severable. See State v. Klantchnek, 59 N.M. 284, 283 P.2d 619 (1955). Severing the "totaling" provisions does not impair the force and effect of the remaining part of § 40–49–5, supra. The legislative purpose as expressed in the remaining part of § 40–49–5, supra, can be given force and effect without the "totaling" provisions. We cannot say the Legislature would not have enacted the remaining part if it had known the "totaling" provisions were void. See Bradbury & Stamm Const. Co. v. Bureau of Revenue, 70 N.M. 226, 372 P.2d 808 (1962).

Severing the "totaling" provisions from § 40–49–5, supra, leaves the remaining portion of that section consistent with § 40–49–4, supra, which makes an offense out of each worthless check issued. If defendant is convicted of issuing four worthless checks, he may be sentenced for

each offense under the remaining portion of § 40–49–5, supra. The trial court erred in dismissing the information.

*Will reinstatement of the information subject defendant to double jeopardy?*

Defendant contends that regardless of the disposition of this appeal he cannot be tried on the charge of issuing the four allegedly worthless checks. He claims that the proceeding at which the information was dismissed was on the "merits" and that he was in jeopardy in that proceeding. The contention mistakes both the facts and the law.

The case was called. The State asked that defendant be arraigned. Defendant then waived a preliminary hearing and waived a jury trial. The court then asked if defendant was ready to plea. His counsel stated that "* * * prior to the entry of a plea, I have a motion. * * *" The motion was to dismiss because of the vagueness of the "totaling" provision of § 40–49–5(B), supra. Defendant's motion was sustained; the information was dismissed before a plea was entered.

The proceeding did not consider the "merits" of the charge; it considered only whether the "totaling" provisions of § 40–49–5, supra, were void for vagueness. The information was dismissed before the case was at issue. Even if there had been a plea, however, the defendant would not have been in jeopardy until the trial had commenced. A jury having been waived, defendant would not have been in jeopardy until "* * * the presentation of at least some evidence on behalf of the state. * * *" State v. Rhodes, 76 N.M. 177, 413 P.2d 214 (1966). Here, the information was dismissed before any evidence was presented. Since defendant has not yet been in jeopardy, reinstatement of the information will not subject him to double jeopardy.

The order dismissing the information is reversed. The cause is remanded with directions to reinstate the information on the docket and proceed consistently with this opinion.

It is so ordered.

SPIESS, C. J., and HENDLEY J., we concur.