575 P.2d 952

**Emmett KEPLER, Plaintiff-Appellant,**

v.

**Maria COVARRUBIA and Tom Lyannis, Defendants-Appellees.**

**No. 11637.**

Supreme Court of New Mexico.

March 15, 1978.

Anthony F. Avallone, Las Cruces, for plaintiff-appellant.

Larry R. Hill, Las Cruces, for defendants-appellees.

## OPINION

PAYNE, Justice.

Action was brought under the Uniform Owner-Resident Relations Act, §§ 70–7–1 et seq., N.M.S.A.1953 (Supp.1975). The land owner sought a recovery of unpaid rent and the resident sought damages and abatement of her rent. The trial court denied recovery to the owner but granted both damages and abatement of rent to the resident. We reverse only on the issue of the abatement of rent.

■ The owner first raises the issue of whether § 70–7–27 B, N.M.S.A.1953 (Supp. 1975) is unconstitutionally vague because it uses the term "damages" without defining the limit or extent to which damages may be granted. Section 70–7–27 B states:

> Except as provided in the Uniform Owner-Resident Relations Act, the resident may recover damages and obtain injunctive relief for any material non-compliance by the owner with the rental agreement or section 20 of the Uniform Owner-Resident Relations Act [70–7–20]. If the noncompliance is willful, the resident may recover reasonable attorney's fees. If the owner's noncompliance is caused by conditions or circumstances beyond his control, the resident may not recover consequential damages, but retains remedies provided in section 31 of the Uniform Owner-Resident Relations Act [70–7–31].

The statute defines what damages may be recovered by distinguishing between the willful acts of the property owner as opposed to conditions or circumstances beyond his control. The entire section must be considered in determining whether there is any unconstitutional vagueness. *State v. Ferris,* 80 N.M. 663, 665, 459 P.2d 462, 464 (Ct.App.1969); *State v. Minns,* 80 N.M. 269, 454 P.2d 355 (Ct.App.1969), *cert. denied,* 80 N.M. 234, 453 P.2d 597 (1969). We hold that the statute is sufficiently clear to meet the constitutional tests imposed.

■ The owner next claims that the resident is not entitled to abatement of rent because she failed to give written notice of any breach. Section 70–7–29, N.M.S.A.1953 (Supp.1975) provides that before a resident is entitled to abatement of rent he must give the owner written notice specifying the owner's breach. In the present case the court found that the owner had actual notice of the deficiencies claimed. There is, however, no evidence of any written notice. The resident, Ms. Covarrubia, did not appear and testify at the hearing and the only testimony in the record is that the land owner did not receive written notice. The owner properly requested a finding of fact that the resident did not serve any written notice in compliance with § 70–7–29 allowing abatement of rent. The trial court erred in failing to give this requested finding of fact.

In reading the Uniform Owner-Resident Relations Act in its entirety, we find that § 70–7–13 A, N.M.S.A.1953 (Supp.1975) deals with general notice and states that "[a] person has notice of a fact if: (1) he has actual knowledge of it; (2) he has received a notice or notification of it; or (3) from all facts and circumstances known to him at the time in question he has reason to know that it exists." This section controls any notice requirement under the Act except for the written notice specifically required by § 70–7–29. That section provides:

> A. Upon the failure of the owner to perform his obligations as required by section 20 of the Uniform Owner-Resi-

dent Relations Act [70–7–20], the resident may give written notice to the owner specifying the breach and may:

\* \* \* \* \* \*

(2) be entitled to reasonable abatement of the rent.

\* \* \* \* \* \*

C. The rights under this section *do not arise until the resident has given written notice to the owner* . . . (emphasis added).

The statute requires written notice for an abatement of rent. Written notice having been absent in this case, we reverse the trial court. The case is remanded with instructions that the judgment be revised accordingly.

IT IS SO ORDERED.

McMANUS, C. J., and EASLEY, J., concur.