Garyon Tracy **NETTLES**, Petitioner—Appellant,

v.

Anthony C. **NEWLAND**, Respondent—Appellee.

No. 03–15766.
D.C. No. CV–00–2750 GEB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2004.

Decided June 16, 2004.

Charles M. Bonneau, Esq., Sacramento, CA, for Petitioner–Appellant.

Robert R. Anderson, Depty Atty. Gen., Charles Victor Fennessey, Sacramento, CA, for Respondent–Appellee.

Before THOMPSON, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Garyon Nettles appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We must determine whether the state court unreasonably applied: (1) *Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964), by determining that multiple incidents of passing bad checks could be aggregated into one felony count for charging, or (2) *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), by determining that the failure to give a unanimity instruction was harmless. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.[1]

The district court's denial of a petition for a writ of habeas corpus is reviewed *de novo*. *Brodit v. Cambra*, 350 F.3d 985, 988 (9th Cir.2003). We review Nettles' petition under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because it was filed on December 18, 2000, after the AEDPA's effective date of April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under the AEDPA, a federal court may grant a petition for a writ of habeas corpus with respect to a claim adjudicated on the merits in state court, only if the state court's ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36–3.

1. Because the parties are familiar with the facts and prior proceedings, we do not recite them here, except as necessary to aid in understanding this disposition.

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## I. Aggregation of Checks

The Due Process Clause guarantees "[t]he basic principle that a criminal statute must give fair warning of the conduct that it makes a crime." *Bouie*, 378 U.S. at 350, 84 S.Ct. 1697. In *Bouie*, the Supreme Court articulated that a due process violation "can result not only from vague statutory language but also from an unforeseeable and retroactive judicial expansion" of a criminal statute. *Id.* at 352, 84 S.Ct. 1697. *Bouie's* "rationale rested on core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." *Rogers v. Tennessee*, 532 U.S. 451, 459, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001) (citation omitted).

■ Nettles contends that the California Court of Appeal unreasonably applied *Bouie* because neither California Penal Code § 476a, nor case law, gave him notice that multiple incidents of passing bad checks could be *charged* in a single count to ensure a felony conviction. We disagree. The state court did not make previously lawful conduct illegal, and its decision did not amount to "an unforeseeable and retroactive judicial expansion of narrow and precise statutory language." *Bouie*, 378 U.S. at 352, 84 S.Ct. 1697; *Mendez v. Small*, 298 F.3d 1154, 1159 (9th Cir.2002).

First, § 476a contemplates that the amount of the bad checks will be aggregated to determine whether the defendant committed a felony or a misdemeanor. *See* Cal. Pen.Code § 476a(b). Second, case law has recognized that alleging the issuance of all checks in a single count to

obtain "a single conviction and punishment" is "the correct procedure." *People v. Kennedy*, 210 Cal.App.2d 599, 26 Cal. Rptr. 696, 698 (Ct.App.1962), *disapproved on other grounds, In re Dick*, 64 Cal.2d 272, 49 Cal.Rptr. 673, 411 P.2d 561, 564 (Cal.1966); *see also* 18A Cal. Jur.3d Criminal Law: Crimes Against Property § 366 (2003) ("Where several checks are involved, the proper procedure is for the prosecution to allege the issuance of all the checks in a single count rather than to allege the issuance of each check in a separate count.").

In *In re Dick*, the California Supreme Court addressed the issue of aggregating checks under § 476a. The court approved of aggregating "*a series of checks*" to determine the commission of a felony, and explained that after exceeding the statutory limit a defendant may be exposed to another felony charge. 411 P.2d at 564 (emphasis added). Contrary to Nettles' suggestion, *Dick* did not prohibit aggregation at the charging stage and the case put Nettles on notice that his conduct could result in a felony conviction.

Moreover, Nettles' reliance on *People v. Neder*, 16 Cal.App.3d 846, 94 Cal.Rptr. 364 (Ct.App.1971), for the proposition that aggregation is prohibited is also misplaced. As the state court explained, *Neder* involved a forgery conviction under California Penal Code § 470 which does not contain language permitting aggregation. By contrast, § 476a explicitly contemplates aggregation because it requires the factfinder to determine the "total amount of all checks."

In sum, both § 476a and the case law put Nettles on notice that he could be charged with a single felony count for issuing multiple bad checks. Additionally, checks number 1006 and 1046 both exceeded the minimum amount for a felony, so

even under Nettles' theory he was on notice that he could have been charged with at least two felony counts. We conclude that the state court did not unreasonably apply *Bouie* by holding that Nettles had notice that his check writing incidents could subject him to a felony charge.

## II. Failure to Give a Unanimity Instruction

■ The parties do not dispute that it was constitutional error for the trial court to fail to instruct the jury that it must unanimously agree upon which checks supported the finding that the total amount of the checks exceeded $200. *See Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Richardson v. United States,* 526 U.S. 813, 815, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999).

Under the AEDPA, where, as here, the state court concludes that a constitutional error was harmless under *Chapman,* we may not grant relief unless the state court's harmless error analysis was an "unreasonable application" of *Chapman. See Medina v. Hornung,* 372 F.3d 1120, 2004 WL 1396290, *5 (9th Cir.2004).

Here, the state court noted that Nettles' "defense was not that [he] passed some, but not all, of the checks. Instead the defense was that 'he didn't pass [any of] the checks;' they were stolen and passed by someone else." The prosecution's handwriting expert definitively concluded that Nettles had signed check number 1048, and that he probably signed checks 1006 and 1056. The court observed that the two employees who accepted checks number 1006 and 1056 routinely "match[ed] a photographic identification with the presenter of the check." The state court concluded that "[t]his simply

was not a close case ... had the jury been given a unanimity instruction they would have agreed, at the least, that [Nettles] passed check numbers 1006, 1048, and 1056, the sum of which exceeds the $200 amount." In fact, check number 1006 alone was sufficient for a felony conviction. Thus, we conclude that neither the state court's reasoning nor its conclusion was objectively unreasonable; therefore, the AEDPA precludes Nettles' claim for relief based on the lack of a unanimity instruction.

Accordingly, the judgment denying Nettles' petition for a writ of habeas corpus is

AFFIRMED.