BOUTALL, Judge.
Michael Davis was charged with three separate bills of information for violation of R.S. 14:67 (theft), pleaded guilty and was sentenced to consecutive sentences. He appeals, assigning error in the sentences imposed for noncompliance with Code of Criminal Procedure article 894.1, and for illegality and excessiveness of sentences.
We do not consider the assignment of error based upon insufficient iteration of the reasons for sentencing as set out in C.CR.P. article 894.1, because we consider the sentences imposed are improper at least in part.
Davis was charged in three separate bills of information, all being violations of R.S. 14:67 (theft of merchandise). The first bill (24th J.D.C. Docket #83-205, our appeal # 83-KA-791) charged Davis with theft of merchandise valued at $776.92 from a Sears Roebuck Department Store. The second bill (24th J.D.C. Docket #83-767, our appeal # 83-KA-692) charged Davis with two counts of theft of merchandise valued at $190.79 and $264.95 from a D. H. Holmes Department Store. The third bill (24th J.D.C. Docket # 83-845, our appeal # 83-KA-693) charged Davis with theft of merchandise valued at $127.15 from a Radio Shack store. After pleading guilty to these charges the defendant was sentenced in the first case, Sears, to 6 years with the Department of Corrections to run consecutively with an 18 month sentence previously imposed in another section of court; in the second case, D. H. Holmes, two consecutive sentences of 2 years on each count; in the third case, Radio Shack, one consecutive sentence of one year; thus being sentenced to a total of 11 years consecutive to the previous theft sentence which is not before us.
Appellant contends that all of these charges arose out of a common plan or common course of criminal conduct and should have been charged as one charge for the aggregate of the amount of the theft. The criminal conduct of the defendant consisted of buying merchandise at a store, paying for it with a check on an account that had been closed, and then returning the merchandise to another branch store and receiving cash for it. These activities took place within the same month. While under the facts related to us it appears that the District Attorney could have charged defendant with the crime of issuing worthless checks, R.S. 14:71, he chose to charge defendant under the theft statute and no reason is suggested to us why this is improper. State v. Walters, 440 So.2d 115, 122 (La.1983).
The pertinent law is R.S. 14:67 which provides for different grades of the offense *644 based upon the amount taken.[1] That law further provides that when the taking is by a number of distinct acts of the defendant, the aggregate of the amount of the misappropriations or takings shall determine the grade of the offense. Code of Criminal Procedure article 481 further provides that an indictment for theft may include several counts against the same defendant for distinct acts of theft, and the aggregate amount of the thefts shall determine the grade of the offense or charge.
We find the bills of information to have been properly brought. We refer to the case of State v. Baker, 859 So.2d 110 (La.1978), as authority for the proposition that there is a difference between charges arising out of issuing worthless checks and the theft statute. In Baker the aggregation of the total amount of worthless checks to determine the grade of the offense was held to be within the arbitrary decision of the state to transform misdemeanors into felonies, etc. But in that case the Supreme Court pointed out that no such uncertainty as to charge or grade existed under the theft statute because the statute was mandatory noting as follows:
“This worthless check statute is not saved from uncertainty as is the theft provision which allows the grade of the offense to be determined by the aggregate taken, because the theft provision punishes “a misappropriation or taking by a number of distinct acts.” R.S. 14:67. The crime of theft is one crime (“a misappropriation or taking”) against a single victim through a series of separate actions. The legislature has made it one offense to pursue a certain course of conduct, viz., misappropriation of the property of another, even when that misappropriation takes place through a number of distinct acts. (Emphasis added) (359 So.2d 114).
We further refer to State v. Norris, 242 La. 1070, 141 So.2d 368 (La.1962), which held that under the appropriate sections of the law, distinct acts of taking are chargeable in one indictment, the total amount thereof to determine the grade of offense. Considering these cases with the wording of the statute, the defendant could properly be charged with a separate bill of indictment for the theft committed against each individual victim, there being no continuous action linking the three except the modus operandi devised by the defendant.
Yet the same authorities referred to above cause us to conclude that there is error in the sentence imposed in the second charge, theft from D.H. Holmes, which contains two counts and upon which defendant was sentenced to two consecutive terms of imprisonment. This is in clear violation of the statutes cited above. The sentence must be imposed upon the aggregate amount and cannot be separated into counts, with a separate sentence upon each count. The result reached here is that the defendant received 4 years sentence (2 plus *645 2) when the grade of the offense permits a maximum of 2 years.
Accordingly, we hold that the sentence imposed in Docket # 83-767 is improper and must be set aside. Because the sentences in each of the three charges were imposed simultaneously and upon considerations relating to each other, we must set aside all three sentences and remand this matter to the district court for a reconsideration of the sentences and imposition of proper sentence under the principles announced herein.
The sentences in the cases appealed are set aside and these matters are remanded for imposition of sentence.
SENTENCE SET ASIDE AND REMANDED.

. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
When the misappropriation or taking amounts to less than a value of one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases had been convicted of theft two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than one thousand dollars, or both.
When there has been a misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or takings shall determine the grade of the offense.