492 So.2d 490 (1986)
STATE of Louisiana
v.
Kenneth Eldon JOLES.
No. 85-K-1817.
Supreme Court of Louisiana.
June 23, 1986.
Rehearing Denied September 18, 1986.
Milton Dale Peacock, Paul Henry Kidd, Kidd & Kidd, for defendant-applicant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., William R. Coenen, Jr., Dist. Atty., John Lancaster, Asst. Dist. Atty., for plaintiff-respondent.
LEMMON,[*] Justice.
At issue in this case is the legality of imposing separate sentences on defendant after convictions of twenty counts (charged separately in a single bill of information) of violating La.R.S. 14:67 by twenty separate acts of theft from the same victim pursuant to a continuous scheme over an eight-month period of time, rather than aggregating the amounts of the thefts to determine the grade of the offense as a single crime. We conclude that when a person has been accused of committing a series of distinct thefts which are properly joinable in a single bill of information, the person may either be charged with one offense and sentenced upon conviction within the sentencing range for the grade of the offense determined by the aggregate amount of all of the thefts or may be charged with each separate offense and sentenced upon conviction within the sentencing range for the grade of each particular offense determined by the amount of that theft.
Defendant, the president of the West Carroll Parish Police Jury, was charged in a single bill of information with thirty-five counts of theft from the Jury. The bill *491 expressly alleged that each occasion represented a separate count. The answer to a motion for a bill of particulars asserted that defendant and the treasurer of the Police Jury issued checks on the Police Jury account to pay invoices for goods and services which had not been provided and for which payment had not been properly authorized.
Pursuant to a plea bargain, defendant entered pleas of nolo contendre to twenty counts, and the remaining counts were dismissed, along with more than sixty counts of criminal conspiracy charged in a separate bill of information. The counts included in the plea bargain involved thefts which occurred between October 1, 1982 and May 26, 1983. The aggregate amount of the twenty checks was over $115,000, the smallest check being in the amount of $1,986.96.
The trial judge, in imposing sentence, divided the counts into four groups of five each and sentenced defendant to one year on each count in Group One, to be served concurrently; to two years on each count in Group Two, to be served concurrently; to five years on each count in Group Three, to be served concurrently; and to seven years on each count in Group Four, to be served concurrently. The judge further ordered that each group of concurrent sentences was to be served consecutively, making a total of fifteen years.
The court of appeal, in an unpublished per curiam opinion, rejected defendant's contention that his sentences were excessive. 472 So.2d 950. In application for rehearing to the court of appeal and in application for certiorari to this court, newly retained counsel for defendant argued that the fifteen-year sentence was illegal as exceeding the ten-year maximum sentence for theft in excess of $500. We granted certiorari to determine the validity of this contention. 481 So.2d 619.
The decision turns on a determination of the legislative intent of La.R.S. 14:67, which provides:
"Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
"Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
"When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
"When the misappropriation or taking amounts to less than a value of one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of theft two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than one thousand dollars, or both.

"When there has been a misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or takings shall determine the grade of the offense." (emphasis added)
The emphasized language also appears in La.C.Cr.P. Art. 481, which provides:
"An indictment for theft may include several counts against the same defendant for distinct acts of theft, and the aggregate amount of thefts shall determine the grade of the offense charged. If a defendant misappropriates money or other things of value, which were entrusted to him by virtue of his office, employment, or any fiduciary relationship, *492 he may be charged in one count with theft of the aggregate amount misappropriated by him during the entire time of his holding the office, employment, or fiduciary relationship." (emphasis added)
Defendant argues that Section 67 was intended to prohibit sentencing a defendant to more than ten years whenever the charged misappropriations or takings were committed by a number of distinct acts and the aggregate amount of the misappropriations or takings was more than $500.
This court has not considered the pertinent language of Section 67 in the context of sentencing for a series of distinct acts of theft. However, there are decisions of this court which have considered similar wording in other statutes.
In State v. Doucet, 202 La. 1074, 13 So.2d 353 (1943), a public official was charged with embezzlement of public money by converting $3,274.06 in public funds to his own use between December 1, 1939 and March 31, 1940. When the defendant objected to the lumping of several distinct acts into one count in the indictment, the trial judge ordered the prosecutor to separate the indictment and to charge each distinct act in a separate court. This court reversed, holding that the crime of embezzlement was a graded offense and that under Section 225 of the Code of Criminal Procedure of 1928 (the source of present La.C.Cr.P. Art. 481) the defendant could be charged in one indictment and in one count with the aggregate amount embezzled during his term in office.[1]
In State v. Savoy, 205 La. 650, 17 So.2d 908 (1944), a companion case to Doucet, another public official in the same parish was charged with embezzling $9,739.71 in public funds represented by fifty-three checks between 1937 and 1941. After the trial court maintained a plea of prescription as to some of the checks, the district attorney amended the indictment to delete all but seven checks. The defendant then obtained an order compelling the district attorney to try the defendant separately on each check. This court again reversed, holding that there was only one charge in the indictment and that the several misappropriations constituted one offense. Although the defendant had not been charged with the crime of theft, the court referred to the language in the last paragraph of Section 67 (which had just been enacted to incorporate the crime of embezzlement into the crime of theft).[2]
*493 In State v. Baker, 359 So.2d 110 (La. 1978), defendant was charged with violating La.R.S. 14:71 by issuing eleven worthless checks in the aggregate amount of $627.38. None of the individual checks exceeded $100, and each act charged individually would have been a misdemeanor. However, the prosecutor's charging the aggregate amount subjected the defendant to a sentencing exposure of up to ten years at hard labor. Moreover, the prosecutor had divided fifty charges into four separate bills of information, although the pertinent time frame was only four months. This court held in a four-to-three decision that the aggregation provision of La.R.S. 14:71 was vague because it did not set a time period within which separate acts are available for aggregation and did not clearly provide for separate or multiple punishments.[3] The court noted (clearly in dicta) that Section 67 was not subject to the same uncertainty because "[t]he legislature has made it one offense to pursue a certain course of conduct, viz., misappropriation of the property of another, even when that misappropriation takes place through a number of distinct acts".
Two intermediate appellate decisions have considered the present issue. In State v. Gomez, 433 So.2d 230, 243 (La. App. 1st Cir.1983), the defendant was charged with one count of theft from one victim and five counts from another, and he was sentenced after conviction separately on each count. On appeal, he complained that the trial judge had erred in denying his motion to consolidate the charges into one count of theft from each victim. The court of appeal held that Article 481 grants the state the discretion to charge the defendant in one count or in multiple counts.
In State v. Davis, 453 So.2d 642 (La.App. 5th Cir.1984), cert. denied 457 So.2d 16, the defendant was charged in a single bill of information with two counts of middle grade theft from a department store. The trial judge imposed the maximum sentence of two years for each count, to be served consecutively. The court of appeal, relying on State v. Baker, supra, held that "[t]he sentence must be imposed upon the aggregate amount and cannot be separated into counts, with a separate sentence on each count". Id. at 644.
For the following reasons, we approve the Gomez decision and overrule the Davis decision.[4]
The Double Jeopardy Clause of the United States Constitution protects, among other things, against "multiple punishments for the same offense". North Carolina v. Pearce, 395 U.S. 711, 718, 89 S.Ct. 2072, 2077, 23 L.Ed.2d 656 (1969); Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). The determination of what punishments are constitutionally permissible depends on the determination of what punishments were intended to be authorized by the legislative branch.[5]Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980).
In the determination of whether a defendant can be punished by separate sentences on each of several counts in a single indictment or information, the test is whether the pertinent statute intended to prohibit the individual acts, in which case each act may be punished separately, or to prohibit the course of conduct, in which case there can be but one penalty. Blockburger v. United States, 284 U.S. 299, 52 *494 S.Ct. 180, 76 L.Ed. 306 (1932), quoting Wharton's Criminal Law § 34 (11th ed. 1912). In Blockburger, the defendant was sentenced separately on each of three counts of selling drugs to the same person in successive sales. The Court held that each of the successive sales constituted a distinct offense, even though the sales followed each other closely.[6] The Court noted that the Narcotic Act did not create the offense of engaging in the business of selling forbidden drugs, but rather penalized any sale made in violation of the Act.
In determining the legislative intent of La.R.S. 14:67, we note that the first paragraph clearly proscribes the individual act of taking or misappropriating anything of value belonging to another without consent and with the required intent. Therefore, unless the last paragraph of Section 67 establishes a different legislative intent, it is evident that each act of theft may be punished separately.[7]
Defendant argues that the last paragraph of Section 67 requires thefts committed by distinct acts to be aggregated and convictions thereof sentenced as a single offense, at least when the acts are committed pursuant to an ongoing criminal scheme against a single victim within a brief period of time. Alternatively, defendant argues that when a public official is charged under Article 481 in a single bill of information with misappropriation of money entrusted to him by virtue to his public office, it is mandatory that he be sentenced after conviction as if there were a single theft in the aggregate amount.
The apparent legislative purpose of the last paragraph of Section 67 (and of the corresponding provision in Article 481) is to permit the district attorney to cumulate a series of petty thefts into a more serious crime without having to prove a single and continuous scheme. There is neither any language to indicate nor any logical reason to infer that the legislative purpose was to prevent the district attorney from charging a thief with separate counts for separate acts of major thefts, even when the misappropriations occurred in a single and continuous scheme involving a single victim within a relatively short period of time.[8]
Neither Section 67 nor Article 481 mentions a continuous scheme or a single victim or a time frame within which a series of distinct acts of thefts must occur in order to constitute proscribed conduct punishable as a single offense. One cannot reasonably ascribe to the Legislature the intent to require that a thief who has taken over $1,000,000 from each of twenty-five distinct victims by acts extending over a considerable period of time must be charged only with one offense. It is much more logical to construe the statute as evidencing an intent to permit that a series of ten thefts of $50 each may be charged as if it were one theft of $500. The latter interpretation recognizes that a large number of minor thefts may reasonably have been deemed by the Legislature to be as serious as a single theft of $500. There is no parallel reasonable explanation why the Legislature would require that a large number of major thefts must be deemed to be only one major offense.
*495 We conclude that while Section 67 applies to permit a number of petty thefts to be aggregated into a major theft, it was never intended to require that a number of major thefts must be charged as only one offense. Stated otherwise, Section 67 allows, but does not mandate, aggregation of thefts committed by a number of distinct acts.
In summary, the principal consideration is whether Section 67 in its entirety was intended to prohibit the individual acts of theft or the continuous course of conduct by distinct acts of theft. Blockburger v. United States, supra. We conclude that Section 67 generally prohibits the individual acts of theft, but further authorizes as part of the penalty provisions a greater penalty when the district attorney in his discretion determines that there was a sufficient number and degree of successive acts of theft to warrant aggregating the amounts of the thefts to punish the offender as one greater offense.
We therefore hold that under Section 67 the district attorney may charge a number of distinct thefts in one count in a single bill of information, in which case the aggregate amount of the takings shall determine the grade of the single offense, but that Section 67 does not prohibit the district attorney from charging a number of distinct thefts in separate counts in either a single bill or multiple bills of information, in which case the amount of each taking determines the grade of the offense in each count.[9] When Section 67 is thus interpreted as vesting reasonable charging discretion in the district attorney under certain circumstances, the sentencing discretion vested in the trial judge, subject to appellate review for excessiveness, provides an adequate safeguard against an abuse of that charging discretion.
We therefore conclude that the multiple penalties did not constitute an illegal sentence. Moreover, when the overall magnitude of the thefts is considered along with the betrayal of the significant position of trust occupied by defendant, we cannot say that the sentence totaling fifteen years was an abuse of the trial judge's sentencing discretion, even though the thefts constituted part of a continuing scheme against a single victim over a relatively short period of time.[10]
Accordingly, the convictions and sentences are affirmed.
DENNIS, J., concurs.
WATSON and CALOGERO, JJ., dissent and assign reasons.
WATSON, Justice, dissenting.
The majority errs in its interpretation of what are clear statutory provisions.
The final paragraph of LSA-R.S. 14:67 says:
"When there has been a misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or takings shall determine the grade of the offense."
In other words, all of the thefts by Joles must be aggregated to determine whether he is to be charged with theft under $100, between $100 and $500, or over $500. The *496 obvious intent of the legislature is to allow cumulation of a number of small thefts into a larger amount. The perhaps not so obvious intent is to place a limit on the maximum charge. The result is that a person charged with a number of thefts from the same person, or here a police jury, can be prosecuted for theft of the total amount involved, but not for a multiplicity of offenses. The maximum penalty is prison for ten years or a fine of $3,000 or both. To follow the majority's reasoning, Joles could have been charged with twenty offenses and sentenced to a term in prison of two hundred years with a fine of $60,000.
A reading of LSA-C.Cr.P. art. 481 reinforces the conclusions dictated by LSA-R.S. 14:67. Even if these statutes are ambiguous, criminal laws must be interpreted strictly in favor of the accused; the majority interprets them broadly against the accused.
For these reasons, I respectfully dissent.
CALOGERO, Justice, dissenting.
The pertinent statute, R.S. 14:67, does not address sentencing discretion or charging discretion of the district attorney. It says that "... the aggregate ... shall determine the grade of the offense." In State v. Baker, 359 So.2d 110 (La.1978), we said that:
[T]he theft provision punishes "a misappropriation or taking by a number of distinct acts." R.S. 14:67. The crime of theft is one crime ("a misappropriation or taking") against a single victim through a series of separate actions. The legislature has made it one offense to pursue a certain course of conduct, viz., misappropriation of the property of another, even when that misappropriation takes place through a number of distinct acts.
Id. at 114.
State v. Davis, 453 So.2d 642 (La.App. 5th Cir.1984), cert. denied, 457 So.2d 16 (La. 1984), followed. They were correct. Davis should not be overruled, nor Baker put in doubt. The appropriate construction which Baker and Davis espouse, would work both ways. The district attorney cannot choose a more harsh result by charging separately; nor is the defendant entitled to force a more lenient result by demanding separate charges, where in the aggregate a more severe crime would result, as for instance where a defendant would urge separate less-than-$100.00 thefts rather than a single over-$100.00 theft.
NOTES
[*] Blanche, J., retired, participated in this case ad hoc in place of Cole, J., the matter having been heard and submitted before Justice Cole replaced Justice Blanche on the Court.
[1] Former Section 225 of the Louisiana Code of Criminal Procedure of 1928 provided:

"It shall be lawful to insert several counts in the same indictment against the same defendant for any number of distinct acts of stealing, of embezzlement, of obtaining money by false pretenses, or of swindling, which may have been committed by him against the same person within the space of six calendar months from the first to the last of such acts, and the aggregate amount of these thefts, embezzlements, obtaining by false pretenses, or swindling shall determine the grade of the offense charged; provided, that whenever anyone, by virtue of his office or employment or of any fiduciary relationship which he shall have towards another, shall have entrusted to him any money or other property, and shall embezzle the same, while so entrusted to him, he may be charged in one indictment and in one count with the embezzlement of the aggregate amount embezzled by him during the entire time of his holding such office, employment or relationship, which said aggregate amount shall determine the grade of the offense charged; provided, further, that proof of the embezzlement by defendant at any time during his term of office, employment, or fiduciary relationship, of any part of the money or other property with which he shall have been trusted shall warrant a verdict of guilty of that grade of the offense shown by the value of such money or property to have been committed."
Section 225, which at the time was an exception to Section 217's prohibition against charging more than one crime in a single indictment, was amended in 1942 (at the same time that the crime of embezzlement was merged with other crimes into the crime of theft) to contain essentially the same provisions as the present La.C. Cr.P. Art. 481.
[2] The court recognized that the crime of embezzlement is generally committed by a series of unauthorized takings. However, there is no longer a separate crime of embezzlement in Louisiana. In 1942 the crimes of embezzlement and larceny were merged in the crime of theft defined in Section 67. See La.R.S. 14:67, Reporter's Comment. Section 67 combined all stealing crimes regardless of the relationship of the parties or the method used in the taking.

The last paragraph of Section 67 has remained unchanged since its enactment.
[3] At the time of the offense, the portion of R.S. 14:71 which provided for aggregation read as follows:

"When the offender has issued two or more worthless checks, the aggregate of the amount of the worthless checks shall determine the grade of the offense."
[4] Because La.R.S. 14:71 was amended after the Baker decision and because a different statute and crime are involved in the present case, we do not comment on the continued validity of that decision.
[5] It has been suggested that the determination of legislative intent as to the permissibility of multiple punishments imposed in a single criminal proceeding ends the inquiry, and no constitutional question is presented. Whalen v. United States, supra (Rehnquist, J., dissenting).
[6] The Blockburger decision is more frequently cited for its other holding that when the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. This test has been referred to as a rule of statutory construction for determining legislative intent. Iannelli v. United States, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975).
[7] This is not to say that a thief could be punished as a separate offense for each item taken in the same transaction. But the first paragraph of Section 67 clearly sets forth the legislative intent that successive distinct acts of taking or misappropriation constitute separate offenses.
[8] Nothing in the criminal statutes would have prohibited the district attorney from charging defendant with the twenty distinct acts of theft in twenty separate bills of information. If these acts could have been charged in separate bills, the acts may likewise be charged in separate counts in one bill, as long as the requirements of joinder are met. Judicial efficiency dictates such a result.
[9] This interpretation apparently accords with Model Penal Code § 223.1 (1980), pertaining to the grading of theft offenses. Section 223.1(2)(c) provides in part that "[a]mounts involved in thefts committed pursuant to one scheme or course of conduct, whether from the same person or several persons, may be aggregated in determining the grade of the offense". (emphasis added)
[10] The facts that the thefts in the present case invovled a continuous course of conduct as part of a single scheme, that there was but a single victim, and that all of the takings occurred within an eight-month period of time are considerations which are more appropriately directed to the trial judge's determination of what sentences should be imposed and whether the sentences should be served concurrently or consecutively. One of the justifications for permitting joinder of separate offenses for trial in a single proceeding is the opportunity in an appropriate case for concurrent sentences for a single course of conduct. State v. Underwood, 353 So.2d 1013 (La.1977); see also Commentary to Standards for Criminal Justice § 13-2.1 (2nd ed. 1986).