ARMSTRONG, Judge.
Defendants, Keith Brown and Amanda Theodore, were jointly charged by bill of information with possession of stolen property valued at more than $500, violations of La.R.S. 14:69 A and B. The charges were based on the aggregation of the values of property stolen from four retail merchants. At separate motion hearings on July 17 and 25, 1990, the trial court granted Brown and Theodore’s respective oral motions to quash on the grounds that the State could not aggregate the values of property stolen from separate victims.[1] The State now appeals from these trial court judgments.
The State claims that the trial court erred in granting the motions to quash because of two reasons: (1) La.R.S. 14:69 permits the aggregation of the values of property stolen from separate victims; and (2) La.C.Cr.P. art. 536 requires that a motion to quash be in writing and these were not.
Keith Brown and Amanda Theodore were arrested on April 22, 1990, at the Plaza Shopping Mall in possession of property stolen from four retail merchants. At defendant, Brown’s, motion hearing on July 17, 1990, the trial court asked the value of the goods from each victim. The total value of the stolen property was $647. The value from one victim, The Gap, was $96. Thus, the three other victims, Maison Blanche, Fanfare, and Journey’s, suffered a total loss of $551. The defense contends that each victim’s loss was less than $500 and the aggregation of victims’ losses was improper.
At issue here is the severity of the sentence the defendants will receive. The statute violated in this case provides a scale in which greater sanctions are imposed for stolen items of greater value. La.R.S. 14:69 B (4) provides
“When the offender has committed the crime of illegal possession of stolen things by a number of distinct acts, the aggregate of the amount of the things so received shall determine the grade of the offense.”
There is no mention in R.S. 14:69 of the method of determining the value of things stolen from different victims.
The State relies upon State v. Joles, 492 So.2d 490 (La.1986), a case in which a defendant was charged with twenty separate acts of theft from one victim, for the proposition that “the district attorney may charge a number of distinct thefts in one count in a single bill of information, in which case the aggregate amount of the takings shall determine the grade of the single offense.” In Joles the charge was theft not possession of stolen property, and the Supreme Court looked to La.R.S. 14:67[2] and La.C.Cr.P. art. 481[3] for legisla *611 tive intent in the laws, mented: The court com-
“The apparent legislative purpose of the last paragraph of Section 67 (and of the corresponding provision in Article 481) is to permit the district attorney to cumulate a series of petty thefts into a more serious crime without having to prove a single and continuous scheme. There is neither any language to indicate nor any logical reason to infer that the legislative purpose was to prevent the district attorney from charging a thief with separate counts for separate acts of major thefts, even when the misappropriations occurred in a single and continuous scheme involving a single victim within a relatively short period of time.
“Neither Section 67 nor Article 481 mentions a continuous scheme or a single victim or time frame within which a series of distinct acts of thefts must occur in order to constitute proscribed conduct punishable as a single offense. One cannot reasonably ascribe to the Legislature the intent to require that a thief who has taken over $1,000,000 from each of twenty-five distinct victims by acts extending over a considerable period of time must be charged only with one offense. It is much more logical to construe the statute as evidencing an intent to permit that a series of ten thefts of $50 each may be charged as if it were one theft of $500.” Id. at 494.
The court concluded:
“Section 67 ... authorizes as part of the penalty provisions a greater penalty when the district attorney in his discretion determines that there was a sufficient number and degree of successive acts of theft to warrant aggregating the amounts of thefts to punish the offender as one greater offense.” Id.
Thus, the court in Joles held that the district attorney has the discretion to determine whether to aggregate charges of theft against a defendant. Because the last paragraphs of both R.S. 14:67 and R.S. 14:69 read: “the aggregate of the amount ... shall determine the grade of the offense,” we find that the legislative intent that the Supreme Court held to be pertinent to R.S. 14:67 also applies to R.S. 14:69. Accordingly, the district attorney has discretion to aggregate charges in this situation where the defendants possessed stolen goods belonging to four different victims.
Because we have determined that the trial court erred in granting defendants’ motions to quash their indictments, we pre-termit discussion of the State’s second assignment of error concerning the requirement that a motion to quash be in writing.
For the foregoing reasons, the judgment of the trial court granting defendants’ motion to quash is hereby reversed. This case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED.

.After the trial court granted defendant Brown’s oral motion it directed his counsel to supplement the record with a written motion to quash. The record contains a written motion to quash signed by the trial judge with an indication that it was granted July 17th, the date of defendant Brown’s motion hearing. The motion is styled State of Louisiana v. Keith Brown, and refers to "defendant herein."
The record contains no transcript reflecting what transpired at the time defendant Theodore’s motion to quash was granted. The minutes reflect simply that Theodore was represented by counsel on the day her indictment was quashed. There is no indication whether this unnamed attorney was the same O.I.D.P. attorney who was appointed to represent her co-defendant Brown, and who supplemented the record with the written motion to quash.

. The last paragraph of R.S. 14:67, which is similar to R.S. 14:69, reads:
“When there has been a misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or takings shall determine the grade of the offense."

. La.C.Cr.P. art. 481 provides in pertinent part:
“An indictment for theft may include several counts against the same defendant for dis *611 tinct acts of theft and the aggregate amount of the thefts shall determine the grade of the offense charged.”