| PLOTKIN, J.
The defendant, Cheryl F. Bryant, appeals the denial of a motion to quash the bill of information in case number 383-670 on the ground that the conviction violates the double jeopardy clause.
In case number 383-290, defendant was charged by bill of information on May 28, 1996, with theft of more than $500, a violation of La.R.S. 14:67. At her arraignment on June 3,1996, she pleaded guilty. After waiving all legal delays, she was sentenced that same day to three years in the Department of Corrections; her sentence was suspended, and she was placed on three years of active and supervised probation. One of the conditions of her probation was restitution of $1,615.41.
In case number 383-670, the defendant was charged by a second bill of information on June 19, 1996, with theft of more than $500, in violation of La.R.S. 14:67. She pleaded not guilty at her arraignment on July 12, 1996. The defense filed a motion to quash, which the trial court denied. On January 17, 1997, the defendant pleaded guilty as charged under State v. Crosby, 338 So.2d 584 (La.1976)2, reserving her right to appeal the denial of the motion to quash. She was sentenced on that same day to serve two years in the Department of Corrections with credit for time served; this sentence is to be served concurrently to any other sentence imposed on the defendant.
Because the defendant pleaded guilty in both cases there are few facts in the record. However, attached to the State’s brief are two pages entitled “Gist” giving the police officer’s reasons for arresting the defendant. According to the March 21, 1996, record of Officer Michael Walsh, Anthony Pastor, the general manager of the Maiden Voyage Club, reported to the officer that the defendant, a bookkeeper for the club, gave herself an unauthorized salary increase of $1,615.41. She pleaded guilty to that charge and received a suspended sentence and probation requiring restitution of $1615.41. On March 22, 1996, in a second report Officer Michael Walsh states that the defendant “had altered *601 payroll checks and stolen $6,398.33 from the business by either altering or voiding payroll checks.” This offense was the basis of the second bill of information to which the defendant pleaded guilty.[1]

ASSIGNMENT OF ERROR:

In her sole assignment of error, the defendant argues that bill of information number 383-670 should be quashed for violating her right against double jeopardy. The defense points out that the bills of information in the two cases are almost identical. In case number 383-290 the defendant was charged with theft of $500 or more belonging to the Maiden Voyage Club between October, 1995, through the 6th of March 1996. In case number 383-670, she was charged with theft of $500 or hmore belonging to the Maiden Voyage Club between September, 1995, and February 1995. (The second date is obviously a mistake; it should be February 1996). The only difference in the two bills is the dates involved.
At the hearing on the motion to quash, the trial court stated his reasons for denial:
All right, for the record, the Court has gotten the file in Case Number 3-8-3-2-9-0, which was the Section “E” charge dealing with theft of U.S. currency from the Maiden Voyage valued at $500 or more. The Court has reviewed that file. Obviously, the defendant, in the Section “E” case pled guilty at arraignment, so there were no motions filed which would demonstrate exactly what was the subject of that theft. The Court would note that her sentence was ... Three (3) Years ... active probation, a special condition of restitution in the amount of $1,615.41, which is the Court’s understanding corresponds to one of her bookings — one of the two bookings that she had for theft from the Maiden Voyage in this case. The Court would note the second bill of information was filed about two weeks after that plea and this is the bill of information that the State alleges corresponds to the second booking for theft from the Maiden Voyage for a much larger amount. While the Court believes that the Screening Division of the District Attorney’s Office could have done a better job in screening this, the Court believes that from the beginning it was obvious that there were two bookings and two separate allegations, that she pled guilty in the Section “E” to the first allegation, the $1,615 one, and that the Section “B” one is built on the second booking. That being the case, the Court does not believe she is being placed in jeopardy twice for the same offense, so the Court is going to deny the Motion to Quash.
Both the Louisiana and the United States Constitutions provide that no person shall be twice put in jeopardy of life or liberty for the same offense. U.S. LConst. amend. V; La. Const. art. 1, section 15 (1974); C.Cr.P. art. 591 and 596.[2] In determining whether the double jeopardy clause bars subsequent prosecution, our supreme court has recognized two standards. In State v. Knowles, 392 So.2d 651, 654 (La.1980), the court stated the two rules as follows:
[Under] the test in Blockburger v. United States, [284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), ... ] [T]he applicable rule is that where the same act or transaction constitutes a relation of two distinct statutory provisions the test to be applied is whether each provision requires proof of *602 an additional fact which the other does not
[[Image here]]
[[Image here]]
The “same evidence” test depends upon the proof required to convict, not the evidence actually introduced at trial. Thus, if evidence necessary to support the second indictment would have been sufficient to support the former indictment, double jeopardy prohibits the second prosecution. (Citations omitted).
The ‘same evidence’ test is used in Louisiana. State v. Steele, 387 So.2d 1175 (La.1980); State v. Bonfanti, 262 La. 153, 262 So.2d 504 (La.1972). If the evidence required to support a finding of guilty of one crime would also have | .-¡supported conviction of the other, the two are the same under a plea of double jeopardy, and a defendant can only be placed in jeopardy for one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial. State v. Steele, 387 So.2d 1175 (La.1980); State v. Doughty, 379 So.2d 1088 (La.1980).
The defense maintains that under the Blockburger test, the double jeopardy clause prohibits prosecution of the second charge of theft. However, the Blockburger test is usually applied in situations where the defendant’s conduct violates two or more statutes rather than in cases like the one at bar where the defendant was charged with two violations of the same statute. See State v. Sandifer, 95-2226 (La.9/5/96), 679 So.2d 1324, 1329; State v. Woods, 94-2650 (La.App. 4 Cir. 4/20/95), 654 So.2d 809, writ denied, 95-1252 (La.6/30/95), 657 So.2d 1035; State v. Warner, 94-2649 (La.App. 4 Cir. 3/16/95), 653 So.2d 57, writ denied, 95-0943 (La.5/19/95), 654 So.2d 1089.
More convincingly, the defense argues that the “same evidence” test is applicable and would prohibit the second charge of theft, maintaining that the second offense is included in the first because the period of time is substantially the same and the victim is the same.
The elements of theft are set out in La. R.S. 14:67, which provides in pertinent part:
A. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent- conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
B. (1) Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or | with out hard labor, for not more than ten years, or may be fined not more than three thousand dollars or both.
As the defense notes, the defendant was charged under La.R.S. 14:67 in both cases for the misappropriation of more than $500 from the Maiden Voyage Club between October 1995 and February 1996.
The State responds by noting that under La.R.S. 14:67 an offender may be charged with separate acts of theft or the counts may be aggregated into a single bill of information. The State cites State v. Joles, 492 So.2d 490, 495 (La.1986), where a defendant was convicted of twenty counts of theft listed separately in a single bill of information, for the proposition that the district attorney is not prohibited from charging a number of distinct thefts in multiple bills of information.
The problem with the State’s reliance on Joles is that the poorly drawn bills of information in this case do not indicate that the defendant was charged with two distinct thefts. Because the only difference between the two bills is in the dates of the offenses, theoretically the same evidence could be offered to support either theft in overlapping months. The State on appeal and the trial court in denying the motion to quash note that the defendant was charged with two distinct thefts as the record and police reports indicate. She gave herself an unauthorized salary increase amounting to $1,615 between October 1995 and March 6, 1996. She was later charged with another series of thefts involving altering and voiding payroll *603 checks between September and February.[3] The defense argues that the exact same evidence would support either charge.
|7The defense’s argument has merit. Even though it appears that the evidence for the first offense would be limited to the defendant’s regular paychecks which were made out for more than her salary, the police report of the second offense states that she “altered payroll checks.” The only distinguishing factor in a check to indicate that it belonged to case one rather than case two would be the date.[4] The record does not give any indication that more than $500 was misappropriated in the single month included in case two and not included in case one.
Double jeopardy occurs when a person is twice placed in jeopardy for the same offense. In this case the trial court looked beyond the poorly drawn bills of information to determine that two offenses occurred. However, relying on the bills of information and the meager evidence in the record, we find that the evidence required to support the conviction in case two supports the conviction in ease one. Consequently double jeopardy should have barred the prosecution in the second case.
Accordingly, the trial court erred in denying the motion to quash. The motion is granted, and the defendant is discharged as to the conviction in case number 383-670.

REVERSED.

. The amount of money involved in the second charge is listed as $6,398.33 by the police officer; however, at the motion to quash hearing and in the State's written answer to the motion to quash, the assistant district attorney states the amount is approximately $75,000.

. Art. 591. Double jeopardy; definition
No person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the provisions of Article 775 or ordered with the express consent of the defendant.
Art. 596. Requirements for double jeopardy
Double jeopardy exists in a second trial only when the charge in that trial is:
1. Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial as to the charge in the second trial; or
2. Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.

. At the hearing on the motion to quash, the assistant district attorney said the defendant had stolen cash deposits also.

. Because the bills of information give almost the same time periods, most of the evidence regarding checks could be used in either case; only checks written in the first six days of March would be limited to evidence in case one, and checks written in September would be particular to case two.